UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EDWARD FRANCIS MCPARLAND, )
)
Plaintiff, )
v. ) CIVIL ACTION
) NO. 14-13650-JGD
CAROLYN W. COLVIN, )
Acting Commissioner of the )
Social Security Administration, )
)
Defendant. )

**MEMORANDUM OF DECISION AND**
**ORDER ON DEFENDANT'S MOTION TO DISMISS**

October 14, 2016

DEIN, U.S.M.J.

Plaintiff Edward Francis McParland ("McParland") seeks judicial review of denial of his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("ACT"). (Docket No. 1).[1] Pursuant to Fed. R. Civ. P. 12(b)(6) Defendant Carolyn W. Colvin, Commissioner of Social Security ("Commissioner"), moves to dismiss the Complaint on statute of limitations grounds. For the reasons stated herein, the Commissioner's Motion to Dismiss (Docket No. 17) is DENIED.

## I. STATEMENT OF FACTS

When ruling on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), the court must accept as true all well-pleaded facts, and give the plaintiff the benefit of all reasonable

[1] Record citations are to the court's electronic filing system ("ECF") and the page numbers that appear on the upper right hand corner.

inferences. See Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). "Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001). "There is, however, a narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint.'" Id. (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). Applying these standards to the instant case, the facts relevant to the issue before this Court – the timeliness of the Complaint – are as follows.

On April 25, 2013, an administrative law judge ("ALJ") denied McParland's claims for disability insurance benefits and supplemental security income. (Docket No. 1-1 at 2). McParland then requested a review of this decision by the Appeal's Council. (Id.). On June 20, 2014, the Appeals Council mailed a Notice of Appeals Council Action ("Notice") to McParland denying his request for further review. (Id.). The Notice stated under the bolded heading "**Time To File A Civil Action**," that:

> You have 60 days to file a civil action (ask for court review).
>
> The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

(Docket No. 18-4 at 3) (formatting omitted).

The Notice then goes on to state that "[w]e will send you a letter telling you whether your request for more time has been granted." (Id.). The Appeals Council also mailed a copy of this notice to McParland's counsel, Bradford D. Myler, Esq. (Id. at 4). McParland retained new counsel on August 18, 2014. (Docket No. 1-2 at 5 (appointment of representative attached to Complaint)). There is no dispute between the parties that 65 days from the Notice date fell on Sunday, August 24, 2014, and that the due date for filing of the Complaint was Monday, August 25, 2014. (Docket No. 18 at 2; Docket No. 20 at 2).

On August 22, 2014, three days before the August 25, 2014 deadline, McParland's new counsel faxed to the Appeals Council his request for a 30-day extension. (Docket No. 18-5 at 1). The reason given was that "additional time was required in order to complete the forms necessary to file a civil action." (Id.). McParland filed his Complaint in this Court on September 18, 2014, while his request for an extension was still pending. (Docket No. 1 at 1, ¶ 4). The Complaint alleges that this action was commenced within the appropriate time period. (Id., ¶ 3).

On October 31, 2014, the Appeals Council denied his request for an extension of time explaining that McParland had not provided good cause for extending the time. (Docket No. 18-6 at 1). The Respondent has moved to dismiss the Complaint on the grounds that it was not timely filed.

Additional facts will be provided below where appropriate.

## II. ANALYSIS

### A. Standard of Review - Motion to Dismiss

Motions to dismiss under Rule 12(b)(6) test the sufficiency of the pleadings. Thus, when confronted with a motion to dismiss, the court accepts as true all well-pleaded facts and draws all reasonable inferences in favor of the plaintiff. Cooperman, 171 F.3d at 46. Dismissal is only appropriate if the complaint, so viewed, fails to allege a "plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559, 127 S. Ct. 1955, 1967 (2007)). In the instant case, the facts are not in dispute, and this Court finds that the doctrine of equitable tolling should be applied. As a result, this Court finds that the Complaint was timely filed, and the motion to dismiss is denied.

### B. Equitable Tolling

In response to the Commissioner's Motion to Dismiss the Complaint as untimely, McParland argues that the applicable statute of limitations should be equitably tolled because he requested an extension before the 60-day period had expired in a form he regularly used, and those requests had been routinely allowed in the past. (See Docket No. 20 at 14). For the reasons that follow, this Court finds that equitable tolling does apply.

Judicial review of final decisions issued by the Commissioner is governed by Section 405(g) and (h) of the Social Security Act, which provide in relevant part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

> (h) The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. §§ 405(g)-(h) (2015). According to Social Security regulations, the 60-day window commences on the date the claimant receives "the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council." 20 C.F.R. § 422.210(c) (2011). The date of receipt of the denial notice is "presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." Id.

These provisions of the Social Security Act operate as a 60-day statute of limitations for a claimant to file a complaint in district court to appeal a final decision of the Commissioner. Bowen v. City of New York, 476 U.S. 467, 478, 106 S. Ct. 2022, 2029 (1986). "It is well-established that the 60-day filing period set forth in 42 U.S.C. § 405(g) is not jurisdictional, but rather constitutes a statute of limitations. As such, the limitation period constitutes a condition on the waiver of sovereign immunity that must be strictly construed." Piscopo v. Sec. of Health & Human Servs., No. 93-2326, 1994 WL 283919, at *3 (1st Cir. June 27, 1994) (citations omitted); accord Bowen, 476 U.S. at 479 ("60-day limit . . . is a condition on the waiver of sovereign immunity and thus must be strictly construed."). However, as the Supreme Court has held, "application of a 'traditional equitable tolling principle' to the 60-day requirement of § 405(g) is fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed

by Congress.'" Bowen, 476 U.S. at 480, 87 S. Ct. 1188, 1197 (quoting Honda v. Clark, 386 U.S. 484, 501, 87 S. Ct. 1188, 1197 (1967)).

"[E]quitable tolling is normally appropriate only when circumstances beyond a litigant's control have prevented him from filing on time." Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001). "In the usual case, a court may deny a request for equitable tolling unless the proponent shows that he was actively mislead or prevented 'in some extraordinary way from asserting his rights." Id. (quoting United States v. Patterson, 211 F.3d 927, 930-31 (5th Cir. 2000)). In the instant case, McParland's counsel has submitted numerous examples of requests for extensions he filed from April 2014 to at least January 2015 in the same form as the extension he requested for McParland. All of these extensions were allowed. (See Docket No. 20-1 at 11-61). There is ample support for counsel's reliance on his understanding that his first request for a brief extension would be allowed. See Randolph v. Colvin, Civil No. 15-cv-1097-DRH-CJP, 2016 WL 524460, at *4 (S.D. Ill. Feb. 10, 2016) ("The SSA had established a precedent that the phrase 'in order to complete the forms required for initiation of the civil action' constituted good cause" by repeatedly granting requests for extensions in that form).[2]

Equity requires that McParland, who diligently pursued his rights by retaining experienced counsel in a timely manner, be allowed to proceed with his claim. This is especially true as there is no harm to the Commissioner. See Jobe v. INS, 238 F.3d 96, 100 (1st Cir. 2001) (listing factors court may consider in evaluating if equitable tolling should apply). This Court's ruling is consistent with decisions in a number of jurisdictions applying equitable tolling when a

---

[2] For the future, however, equitable tolling is not likely to be appropriate in light of the SSA's clarification that this language alone is no longer sufficient to establish good cause.

timely request for an extension was filed, but the Appeals Council failed to rule on the request before the statute of limitations expired. See, e.g., Rivera-Gonzalez v. Astrue, No. 8:11-CV-172-T-30EAJ, 2011 WL 2434071, at *2 (M.D. Fla. June 16, 2011) (rejecting Magistrate Judge's recommendation that equitable tolling not apply where brief extension had been requested within 60 day period and Appeals Council failed to rule before suit was filed);[3] Baynham v. Colvin, No. 14-2053-SAC, 2014 WL 2440380, at *3-4 (D. Kan. May 30, 2014) (collecting cases applying equitable tolling where claimant sought an extension of time before the 60-day statute of limitations); Sanchez v. Barnhart, 03-C-537-C, 2004 WL 1005589, at *2 (W.D. Wisc. May 4, 2004) ("Appeals Council's failure to respond in a timely fashion to Sanchez's request for an extension could provide an equitable reason to toll the limitations period.").[4]

McParland also argues that the SSA applied a heightened standard to his request for an extension. Specifically, he argues that the Hearings, Appeals and Litigation Law Manual ("HALLEX") I-3-9-60, entitled Requests for Extensions of Time to File Civil Action, was amended on July 23, 2014. (See Docket No. 20-1 at 4). This amendment, HALLEX I-3-9-92, according to McParland, imposed a greater burden on claimants seeking extensions, and was allegedly applied in his case. (Id.). Further, he argues, that the amendment was not properly adopted

[3] In River-Gonzalez, the court tolled the statute of limitations because, in its view, the notice informing the plaintiff of the 60-day statute of limitations (the same Notice McParland received), was misleading. Id. Here, McParland does not argue that the Notice sent to him was misleading and, therefore, the Court does not address this issue.

[4] Admittedly, there are courts who have ruled otherwise, but they do not appear to involve as persuasive a record where, as here, experienced counsel relied on a significant number of prior rulings by the Appeals Council accepting the same request for an extension. See, e.g., Haseeb v. Colvin, Case No. 3:15-cv-03931-LB, 2015 WL 9258086, at *5 (N.D. Ca. Dec. 18, 2015); Natalizzo v. Astrue, Civ. Action No. 12-cv-02490 (JAP), 2012 WL 4846657, *5-6 (D. N.J. Oct. 10, 2012); Smith v. Comm'r of Soc. Sec., Civil Acton No. 10-CV-12691, 2011 WL 1812609, *3 (E.D. Mich. March 17, 2011). In any event, each case must be decided on its own facts.

under the Administrative Procedure Act ("APA") and, therefore, it was improper for the SSA to impose the new standard on his request. For her part, the Commissioner argues that "good cause" has always been required for an extension, the new HALLEX did not change the standard, and the rulemaking requirements of the APA do not apply to the new HALLEX. This Court does not need to wade into this quagmire. For the reasons detailed above, this Court finds that equitable tolling requires that McParland be allowed to proceed with his Complaint when counsel filed a timely request for an extension in a form which had repeatedly been found acceptable to the SSA. This Court need not decide the enforceability or meaning of HALLEX I-3-9-92. See Randolph, 2016 WL 524460, at *4-5 (although "updated HALLEX manual did not alter the legal rights of plaintiff since it did not necessarily change the requirement for extension[s,]" motion to dismiss complaint as untimely still denied since Appeals Council had previously accepted phrase "in order to complete the forms required for initiation of the civil action" as constituting good cause for an extension).[5]

## III. ORDER

For all the reasons detailed herein, the Commissioner's Motion to Dismiss (Docket No. 17) is DENIED. The parties shall submit a proposed briefing schedule within 14 days of the date of this Order.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

[5] The court in Randolph held that the Appeal Council's decision to deny the claimant's request for an extension was arbitrary and capricious given the established precedent of allowing extensions. Randolph, 2016 WL 524460 at *4. Because this Court concludes that this fact results in the application of equitable tolling, this Court will not address whether the Appeal Council's denial of McParland's request for an extension was arbitrary and capricious, or whether it was reviewable under the APA as a final decision of the Secretary made after hearing. See 42 U.S.C. § 405(g).